Fuchsberg, J.
(dissenting). Though the written proof was supplemented by oral testimony, the experienced Trial Judge, who had the best opportunity to evaluate the credibility and the accuracy of each of the principal witnesses on both sides, was “impressed by the integrity” of each of them. At the same time, he was conscious that each was an interested witness and that all were relying on a memory affected by the passage of seven years. The inconclusiveness of the picture so presented to an appellate reviewer lends especial import to the language of the writings submitted at trial, all the more so since it is almost hornbook law that the intent of the parties to a written agreement is to be found primarily in their “expressed words” rather than their “subjective intent” (Brown Bros. Elec. Contrs. v Beam Constr. Corp., 41 NY2d 397, 399; 4 Williston, Contracts [3d ed], § 600; see, generally, Curtis, A Better Theory of Legal Interpretation, in Jurisprudence in Action, p 131 [Baker, Voorhis]). In this connection, it seems to me that the ambiguity originally found by the Appellate Division with regard to the “rebate of taxes * * * applicable to the period during which [Bill] was a stockholder” provision is better resolved by juxtaposing this expression to the one which it in effect simultaneously superseded when the pre-existing agreement was canceled. *979 The elimination of the latter’s reference to “carry-over or carry-back benefits” therefore seems more persuasive on intent than does the testimony of the expert on accounting practices, who, after all, played no role in the drafting of the agreement.
Moreover, to the extent that “subjective intent” could be said to have been pertinent, it is noteworthy that the Trial Judge, who heard and observed the demeanor of the plaintiff, credited the testimony that he was advised in advance by the attorney who represented all the parties in the making of the agreement that, as drawn, it accorded him the right to carry-backs and that this advice was repeated in the presence of the other parties at the time the agree: ment itself was signed. The other signatories’ countervailing denial of any recollection of this discussion did not provide justification for the Appellate Division’s categorical rejection of the plaintiff’s testimony.
On balance then, and without applying the missing witness rule, I would reverse the order of the Appellate Division and reinstate the judgment at Trial Term.
Order affirmed, etc.